UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GAIL I. SQUIRES, individually and as Trustee of the GIS Family Trust, ) ) ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | |
| v. ) | FILE NO.: 1:19-CV-03529-ELR |
| ) | |
| IDHASOFT, INC. and KATALYST ) TECHNOLOGIES, INC., ) ) | |
| Defendants. ) | |

**MOTION FOR STAY AS TO
DEFENDANT KATALYST TECHNOLOGIES, INC.
AND SUPPORTING MEMORANDUM OF LAW**

Defendant Katalyst Technologies, Inc. ("Katalyst"), by and through undersigned counsel, hereby files this Motion for Stay as to Katalyst and Supporting Memorandum of Law (the "Motion"), showing the Court respectfully as follows.

### INTRODUCTION

Plaintiff commenced this case on August 5, 2019 asserting that Defendant Idhasoft transferred assets to Katalyst and that such transfers constituted fraudulent and/or voidable transfers under Georgia's Uniform Voidable Transactions Act, O.C.G.A. § 18-2-74(a)(1) and (2). Plaintiff also contends that such transfers rendered Katalyst liable to Plaintiff under a theory of alter ego / piercing the corporate veil.

- 1 -

On August 8, 2019, Plaintiff and two other unsecured creditors of Defendant Idhasoft, Inc. ("Idhasoft") filed an involuntary petition for relief under Chapter 7, Title 11 of the United States Bankruptcy Code against Idhasoft, in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, Case No. 19-62527-JWC (the "Involuntary Petition").  On August 12, 2019, Plaintiff filed a Suggestion of Bankruptcy in this case, notifying the Court of the Involuntary Petition.  This Court issued an order on August 20, 2019, staying the case only as to Idhasoft on the grounds that Katalyst was not involved in the bankruptcy proceeding (the "Order").  In the Order, the Court noted that if the parties contend otherwise, they "should file an appropriate motion in this Court requesting a stay and explaining the reasons therefor."  (Order, n.1.)

As described in more detail below, the claims that Plaintiff asserts against Katalyst are now property of the bankruptcy estate of Idhasoft and only the bankruptcy trustee or the debtor in possession has standing to pursue them. Accordingly, Katalyst requests this Court enforce the automatic stay as to Katalyst.

## ARGUMENT AND CITATION OF AUTHORITY

**A.   Nature and Scope of the Automatic Stay**

At the commencement of a bankruptcy case, an estate is created comprised of "all legal or equitable interests of the debtor in property."  11 U.S.C. § 541(a); In re Taylor, 430 B.R. 305, 311 (Bankr. N.D. Ga. 2010).  The filing of a

12876353 v2

bankruptcy petition imposes an automatic stay applicable to all entities that prohibits certain actions against the debtor or against property of the bankruptcy estate. 11 U.S.C. § 362(a); see Eldorado Canyon Properties, LLC v. Mantalvanos, 515 B.R. 852, 855 (M.D. Fla. 2014) (filing of involuntary petition triggers automatic stay).

The scope of the automatic stay is broad and it extends to "any act to obtain possession of property of the estate or property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). "[L]awsuits brought by individual creditors will be subject to the automatic stay provision of 11 U.S.C. § 362(a)(3)" if the underlying claims are considered "property of the estate under section 541(a)[.]" In re Icarus Holding, LLC, 391 F.3d 1315, 1319 (11th Cir. 2004), certified question answered sub nom. Baillie Lumber Co. v. Thompson, 279 Ga. 288, 612 S.E.2d 296 (2005).

Plaintiff's claims against Katalyst are property of the estate and are subject to the automatic stay.

**B.     The Fraudulent Transfer Claims**

"Two well-established principles of bankruptcy law [ ] are that fraudulent transfer actions become property of the estate, and that only the trustee has the power to prosecute a fraudulent transfer action." In re Manton, 585 B.R. 630, 635 (N.D. Ga. 2018). Specifically, "any property that is recoverable as a result of a

12876353 v2

transfer that is voidable by an unsecured creditor becomes property of the estate." Id. (citing 11 U.S.C. §§ 541(a)(3), 544(b)(1). And "[b]ecause any property recovered pursuant to a fraudulent transfer action is property of the estate, the fraudulent transfer action itself is a claim of the estate." Id. (enforcing automatic stay against creditor's fraudulent transfer claim against alleged transferees and allowing trustee of debtor to intervene as real party in interest). Therefore, the automatic stay applies to Plaintiff's claims against Katalyst for fraudulent transfer.

## C.   The Alter Ego/Piercing the Corporate Veil Claim

Alter ego / piercing the corporate veil claims are also property of the estate (and therefore subject to the automatic stay) if the claim is (1) a general claim that is common to all creditors and (2) allowed by state law." In re Icarus, 391 F.3d at 1321. Such is the case here.

First, a "general" alter ego claim is one that "could be brought by all creditors of [the debtor]" and the harm is not "unique or personal" to a particular creditor. In re Icarus, 391 F.3d at 1321 (holding creditor's alter ego claim against former principle of Chapter 11 debtor was "general" because allegation that principle had taken corporate assets for his own personal ends clearly affected all creditors of debtor corporation). Plaintiff's alter ego claim alleges that "Katalyst has commingled the assets of Idhasoft with its own assets to the detriment and harm of Idhasoft's creditors, including Plaintiff Squires, and left Idhasoft without

the means necessary to conduct Idhasoft's business and pay its debts." (Complaint 37.)  That is a claim that is common to all creditors of Idhasoft, even though each creditor may demand a different amount in compensation.  See id. (noting that "the fact that each creditor [might] demand a different amount in compensation" is insufficient to make the claim unique to a creditor).

Second, the claim is also one that could be brought by the bankruptcy trustee under Georgia law.  The Georgia Supreme Court has determined that a corporation can pierce its own veil.  Baillie Lumber Co. v. Thompson, 27 Ga. 288, 612 S.E.2d 296 (2005) (holding corporation can pierce its own veil to hold its principals liable for the entirety of corporation's debts).  If a debtor corporation can pierce its own veil, then so too can the bankruptcy trustee or debtor in possession.  See Baillie Lumber Co., LP v. Thompson, 413 F.3d 1293, 1295 (11th Cir. 2005) ("Based on the Supreme Court of Georgia's opinion, we conclude that the alter ego action by the corporation against the principal is allowed under state law.  Thus, the [creditor's] alter ego action here is property of the bankruptcy estate and is subject to an automatic stay.").

## CONCLUSION

For the foregoing reasons, this Court should Stay this case as to Katalyst pending further order of the Bankruptcy Court.

Respectfully submitted, this 28th day of August, 2019

               **MORRIS, MANNING & MARTIN, LLP**

               By*: /s/ Stephen M. Vaughn*_____
                  Stephen M. Vaughn
                  Georgia Bar No. 219482
                  Hillary K. Lukacs
                  Georgia Bar No. 141034
             1600 Atlanta Financial Center
             3343 Peachtree Road, N.E.
             Atlanta, Georgia 30326
             Tel.: (404) 233-7000

             *Attorneys for Defendant Katalyst Technologies, Inc.*

12876353 v2

## RULE 7.1 CERTIFICATE OF COMPLIANCE WITH
## L.R. 5.1 AND CERTIFICATE OF SERVICE

I hereby certify that I have on this 28th day of August, 2019, filed electronically via CM/ECF a true copy of the within and foregoing **MOTION TO ENFORCE AUTOMATIC STAY AS TO DEFENDANT KATALYST TECHNOLOGIES, INC. AND SUPPORTING MEMORANDUM OF LAW** in the United States District Court, Northern District of Georgia, with notice of same being electronically served by the Court, addressed to the following:

>John J. Richard, Esq.
>Georgia Bar No. 603989
>John K. Rezac, Esq.
>Georgia Bar No. 601935
>Taylor English Duma LLP
>1600 Parkwood Circle, Suite 200
>Atlanta, Georgia 30339
>Phone: (770) 434-6868
>jrichard@taylorenglish.com
>jrezac@taylorenglish.com

I certify that the foregoing document was prepared using 14 point Times New Roman font in compliance with Local Rule 5.1. This certificate is given in compliance with Local Rule 7.1(D).

>*/s/ Stephen M. Vaughn*
>Stephen M. Vaughn
>Georgia Bar No. 219482

12876353 v2